PEOPLE ex rel. SCHUMANN v. COLER et al.

(Supreme Court, Appellate Division, Second Department. March 24, 1899.)

MUNICIPALITIES—EMPLOYES—VETERANS—RIGHT TO RETAIN POSITION.
> Greater New York Charter, § 127, requiring veteran employés to be retained in like positions as before the consolidation, does not secure to such a veteran his previous salary, where the charter prescribed a different salary for the position most similar to that previously held by him, to which he is transferred, and under Brooklyn City Charter, tit. 3, § 1 (Laws 1888, c. 583), the head of the department might have increased or diminished his former salary.

Appeal from special term, Kings county.

Mandamus by the people, on the relation of Adolph Schumann, against Bird S. Coler, as comptroller of the city of New York, and another. There was an order granting a peremptory writ, and respondents appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Carr, Asst. Corp. Counsel, for appellants.
Thomas F. Magner, for respondent.

PER CURIAM. The relator is a veteran of the Civil War, and at the time of the consolidation of New York and Brooklyn was an employé in the department of city works of the latter city, as a street inspector; his duty being the supervision of the street cleaning in a district of the city. On the transfer of employés directed by the charter, the relator, with all the other street inspectors of Brooklyn, was assigned to duty by the commissioner of street cleaning as section foreman. The relator's salary before the consolidation was $1,200 per annum. The salary of section foreman prescribed by section 536 of the charter of the Greater New York is $1,000 per annum. The commissioner certified the relator's salary to the comptroller for payment at the rate of $1,000 per year. The relator thereupon instituted this proceeding to enforce the payment to him of salary at the rate of $1,200 per year. From an order granting a peremptory writ of mandamus this appeal is taken.

By section 127 of the charter it is provided that veterans "shall be retained in like positions and under the same conditions by the corporation constituted by this act, to serve under such titles and in such way as the head of the appropriate department or the mayor may direct." The constitution of the street-cleaning department, and the character of the different positions therein, are prescribed by section 536, already mentioned. The position of street inspector is not continued or provided for by the charter. Doubtless, this did not relieve the commissioner from continuing the relator's employment, and assigning him to duty in a position of a character most closely approximating to that of the position he formerly had held. This the commissioner seems to have done in good faith. He appointed all the Brooklyn street inspectors section foremen. He did not appoint any district superintendents in the borough of Brooklyn, because in that borough the work of cleaning the streets is being still discharged by private parties, under a contract made before the consolidation. The relator asserts that the commissioner has appointed a time collector in the borough; but this the commissioner, in his affidavit, denies, and asserts that the person is merely a clerk. in the office, and not a member of the uniformed force. This denial must be accepted as true on the question of the right to a peremptory writ. The real difficulty with the relator's case is the failure of the charter to continue his position, at least eo nomine, in existence, and its provision that the new place most similar to that previously held by the relator shall not be paid more than $1,000 a year. The only question is whether the provision of section 127, that he "shall be retained * * * under the same conditions," secures to him the salary he had previously received, despite the limitations on salaries prescribed by section 536. We think not. The effect of section 127 of the charter was not to increase the rights or privileges

of the veteran, but to secure to him those already had before the enactment of the charter. People v. Van Wyck, 157 N. Y. 495, 52 N. E. 559. Under section 1, tit. 3, of the charter of the city of Brooklyn (Laws 1888, c. 583), the head of the department in which the relator served might have increased or diminished his compensation. Therefore, while the tenure of his position was secure, except for incompetency or wrongdoing, the amount of his salary was not exempt from alteration. The fixity of his compensation was not at the time of the consolidation a condition under which the relator held his employment. Of course, under chapter 821 of the Laws of 1896, in reference to the employment of veterans, the commissioner cannot make any capricious reduction in the relator's salary to compel his retirement; but, as already stated, nothing of the kind is shown in the present case.

The order appealed from should be reversed, and motion denied, without costs.